**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM PINEO,** | : |
| Petitioner | : CIVIL ACTION NO. 4:07-1128 |
| v. | : (MCCLURE, D.J.) |
| | (MANNION, M.J.) |
| **J. NICKLIN, FEDERAL PRISON CAMP CANAAN, & UNITED STATES,** | : |
| | : |
| Respondents | : |

**MEMORANDUM AND ORDER**

Presently pending before the court is petitioner's motion for appointment of counsel in this habeas corpus action. (Part of Doc. No. 16).

In addressing the issue of appointment of counsel as requested by a habeas petitioner, the Third Circuit has stated, "[t]here is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding." Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991)(citing Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985, cert. denied, 479 U.S. 913 (1986)). The court further noted that "[i]t has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." Id. (citing Johnson v. Avery, 393 U.S. 483, 488 (1969); Wainwright v. Torna, 455 U.S. 586, 587 (1982); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984)(appellant not entitled to counsel at state post-conviction proceedings because they are civil in nature and not covered by the Sixth Amendment which applies only during the pendency of a criminal case), cert. denied, 469 U.S. 823 (1984)).

By statute, the court is only obligated to appoint counsel in a habeas corpus proceeding "if an evidentiary hearing is required . . ." and the court

finds that the movant qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g). See 28 U.S.C. foll. § 2254, Rule 8(c). However, pursuant to 18 U.S.C. § 3006A, any person seeking habeas relief may be granted counsel, "whenever the United States magistrate judge or the court determines that the interests of justice so require" 18 U.S.C. §3006A(a)(2)(B)(2002).

In considering a motion for appointment of counsel under the § 3006A "interests of justice" standard, the court may consider if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. Reese v. Fulcomer, 946 F. 2d at 247 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)). See also Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991)(no abuse of court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed); Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990)(no abuse of discretion for failing to appoint counsel where issues were straightforward and capable of resolution on the record); La Mere v. Risley, 827 F. 2d 622, 626 (9th Cir. 1987)(no abuse of discretion for failing to appoint counsel where the petitioner had a good understanding of the issues and the ability to present forcefully and coherently his contentions).

Also instructive, but not dispositive, is a non-exhaustive list of factors that may be considered by a district court in deciding whether to appoint counsel for an indigent litigant under 28 U.S.C. § 1915(d), as set forth by the Third Circuit in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196, 114 S.Ct. 1306, 127 L.Ed. 2d 657 (1994). They include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case

considering the plaintiff's education, literacy, experience and the restraints placed on the plaintiff by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and (5) the degree to which the case turns on credibility determinations or expert testimony.  Tabron, Id., at 155-156.

The petitioner's petition indicates that he has the ability to "present the facts and legal issues to the court" without the assistance of an attorney.  A review of the record of this case suggests that petitioner can, given the leeway afforded to pro se litigants, adequately present his case and follow the applicable Rules. The petitioner is literate and is able to communicate his thoughts to the court.  His filings thus far have been understood, and they indicate that petitioner is capable of pursuing his petition without the benefit of appointed counsel. The issues raised by petitioner do not appear to be so complex as to require the appointment of counsel.  As such, the interests of justice do not require the appointment of counsel in this case.

**NOW, THEREFORE, IT IS ORDERED THAT** the petitioner's motion for appointment of counsel (Doc. No. 16)  is **DENIED.**

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Dated: September 14, 2007
O:\shared\ORDERS\2007 ORDERS\07-1128.02.wpd